ANGLERS PARK CORPORATION,
Appellant,

v.

Edwin A. HADDEN and Lavonne M.
Hadden et al., Appellees.

No. 23389.

United States Court of Appeals
Fifth Circuit.

Feb. 14, 1967.

George Clark Smith, Miami, Fla., for appellant.

No appearance for appellees.

Before COLEMAN and DYER, Circuit Judges, and ESTES, District Judge.

PER CURIAM:

In this condemnation proceeding the District Court found that the appellees, the owners of all of the privately owned land bordering an area designated as "Mermaid Lake" (Tract 5091) on a plat filed by appellant, were entitled to all of the proceeds from the lake tract to the exclusion of appellant and made an award and distribution order accordingly.

We find no merit to the contention of appellant that the appellees should be required to litigate the question here presented in the state courts. We agree with the findings of the District Court that it was the appellant's intention, in conveying the lots adjoining Mermaid Lake to convey all of the lands in Tract 5091, and the appellants are estopped to deny it. Murrell v. United States, 5 Cir., 1959, 269 F.2d 458; 4 Fla.Jur.—Boundaries, Sec. 7.

The judgment is

Affirmed.

Joseph J. HURST, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 22399.

United States Court of Appeals
Fifth Circuit.

Feb. 16, 1967.

B. H. Chappell, Columbus, Ga., Jesse G. Bowles, Cuthbert, Ga., Jackson Cook, Ellis Arnall, Atlanta, Ga., for appellant.

Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

ON PETITION FOR REHEARING

Before BROWN and COLEMAN, Circuit Judges, and GARZA, District Judge.

PER CURIAM.

Emphasizing our concession that this is an exceedingly close case on the facts [but nevertheless one for the jury] appellant strongly petitions for rehearing on the following grounds:

(1) Although the defense of entrapment was not raised in the Court below the record establishes it as a matter of law; (2) the recorded conversation was no proof of conspiracy because the conspiracy, if any, there recited was with Government agents only; (3) the situation here was not such as that approved in Osborn v. United States, 385 U.S. 323, 87 S.Ct. 429, 17 L.Ed.2d 394; and (4) the recorded conversation, properly interpreted, was no proof of a conspiracy with the sheriff.

Judged within the four corners of the facts, as well as the reasoning of the original opinion, we are of the view that the Petition for Rehearing is not well taken and must be

Denied.